113 N.J. Super. 144 (1971)
273 A.2d 357
MAL-BROS. CONTRACTING CO., APPELLANT,
v.
JOHN C. KOHL, COMMISSIONER OF TRANSPORTATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1971.
Decided January 18, 1971.
*145 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Justin P. Walder argued the cause for appellant (Mr. Jeffrey Barton Cahn, on the brief; Messrs. Schapira, Steiner & Walder, attorneys).
Mr. David A. Biederman, Deputy Attorney General, argued the cause for respondent (Mr. Stephen L. Skillman, Assistant Attorney General, of counsel and on the brief; Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the Court was delivered by SULLIVAN, P.J.A.D.
Mal-Bros. Contracting Company (Mal) appeals from a determination by the Commissioner of Transportation of the State of New Jersey (Commissioner) disqualifying Mal as a bidder on the grounds of lack of moral integrity.
Basically, Mal's disqualification grew out of its involvement with Kantor Supply Company (Kantor Supply), which featured prominently in the criminal trial of former Newark Mayor Hugh J. Addonizio et al. At that trial Kantor Supply was shown, through the testimony of Irving Kantor, the key government witness, to have been a dummy corporation which existed only for the purpose of siphoning moneys out of construction contracts as "kickbacks" to public officials. Mal was named in the testimony as having delivered checks to Kantor Supply against fictitious invoices.
Acting on this and other information, the Commissioner held a preliminary hearing as to Mal's right to retain its qualification as a bidder on transportation work. At a preliminary hearing at which Mal was represented by counsel it was informed that its moral integrity and responsibility *146 was the only issue. "Specifications" as to Mal's alleged lack of moral integrity were read into the record.
At the continued hearing held about a month later, Louis J. Malanga, one of the three brothers constituting the Mal partnership, testified. He admitted that Mal had had no legitimate business dealings with Kantor Supply, although it had made checks payable to that company. His explanation was that Mal's principal supplier, one Gallo, had presented him with vouchers from Kantor Supply and asked him to make out a Mal check to Kantor Supply for the amount of the invoice. At the same time he said Gallo would give him his check for the same amount, or a subsequent adjustment would be made in terms of moneys due from Mal to one of the Gallo companies. Malanga said he did not know why Gallo wanted it done this way and Mal went along strictly as an accommodation.
The Commissioner's determination, dated December 2, 1970, found Mal to lack the moral integrity to qualify as a responsible bidder. The ruling was bottomed on three principal items:
1. The record of the Addonizio trial, which implicated Mal in the illegal kickback operations of Kantor Supply. The Commissioner found Louis J. Malanga's explanation of the involvement to be incredible.
2. The facts underlying the indictment against Louis and George Malanga, which charged them with falsifying Mal's income tax returns as to the amount of purchases included in the cost of goods sold.
3. The incident involving George Malanga's being held in contempt by the U.S. District Court for failing to produce certain Mal records for grand jury inspection. The records were produced after Malanga had been jailed.
On this appeal Mal argues:
(1) The statute regulating the classification of bidders on State Highway Department projects, N.J.S.A. 27:7-35.1 et seq., does not make moral integrity a requirement of qualification;
*147 (2) Even if lack of moral integrity were a disqualifying factor, the competent evidence in the record does not sustain the Commissioner's finding which was bottomed on hearsay and other improper proofs, and
(3) The hearing and determination was contrary to the requirements of the New Jersey Administrative Procedure Act and violated Mal's right to due process of law.
We find no merit in any of these contentions. The moral integrity of a bidder directly affects its responsibility as a bidder and is one of the criteria which the Commissioner may use in determining the qualification or continued qualification of a bidder under the statute. Cf. Arthur Venneri Co. v. City of Paterson Housing Authority, 29 N.J. 392, 402 (1959).
The Commissioner's determination was not based on hearsay or other improper evidence. Indeed, the basic facts on which the Commissioner relied were undisputed. Mal's issuance of checks to Kantor Supply was admitted. The grand jury investigation of Mal, the contempt conviction of George Malanga, and the indictment of Louis and George Malanga are matters of public record. It is not unreasonable to infer from this sequence of events that these latter matters stemmed directly from Irving Kantor's testimony at the Addonizio trial.
The Commissioner found Mal's explanation of its involvement with Kantor Supply to be incredible, and we agree. In short, we conclude that there was substantial competent and relevant evidence in the record to support the Commissioner's finding of a lack of moral integrity on the part of Mal.
Finally, while we conclude that the disqualification hearing was subject to the New Jersey Administrative Procedure Act and there was not, but should have been, a full compliance with its requirements, we are satisfied that Mal had notice, a specification of the charges, and an adequate opportunity to be heard, so that the essential requirements of the act and due process were met. Mal argues that it was *148 denied the right of confrontation and cross-examination of Irving Kantor, the key witness at the Addonizio trial. However, as heretofore noted, Mal has admitted the essential truth of Kantor's testimony. Its defense was the "incredible" explanation of its dealings with Kantor Supply.
In view of our holding that the disqualification was proper, it is unnecessary to consider the contention that the readvertisement for bids was illegal.
Affirmed.