IN THE MATTER OF DAVID A. BIEDERMAN,
AN ATTORNEY-AT-LAW.

Argued April 24, 1973—Decided July 6, 1973.

*Mr. Gilbert D. Chamberlin,* argued the cause for Union County Ethics Committee.

*Mr. Raymond S. Londa,* argued the cause for respondent.

PER CURIAM. The Union County Ethics Committee found respondent guilty of having violated *DR* 9–101(B), which reads as follows:

A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

The predecessor rule appeared as part of former Canon 36 of Professional Ethics. It was very similarly, although less precisely, phrased:

A lawyer, having once held public office or having been in the public employ, should not after his retirement accept employment in connection with any matter which he has investigated or passed upon while in such office or employ.

The pertinent facts may be briefly summarized. While serving as Deputy Attorney General of the State of New Jersey, respondent was assigned to the Department of Transportation and appointed its Chief Counsel. As part of his duties while holding this position, he instituted proceedings against a partnership known as Mal-Bros. Contracting Co. seeking to demonstrate that it should no longer be deemed qualified to bid on contracts involving construction work for the State of New Jersey. This firm was engaged in this type of work and had in the past been the successful bidder on a number of such contracts. As a result of these proceedings

Mal-Bros. was in fact disqualified by the Commissioner of Transportation on the ground of lack of moral integrity. The facts upon which the decision was based are fully set forth in *Mal-Bros. Contracting Co. v. Kohl*, 113 *N. J. Super.* 144 (App. Div. 1971), certif. den. 58 *N. J.* 94 (1971). Respondent acted and appeared for the State of New Jersey in the disqualification proceedings at the hearing before the Commissioner, on appeal before the Appellate Division and before this Court in successfully opposing certification.

Respondent terminated his employment as Deputy Attorney General in November 1971. In February 1972 he was retained as general counsel by Crescent Construction Company, Inc. Admittedly this was the corporate successor of the Mal-Bros. partnership and no one involved in this case, including respondent, seeks to draw any distinction between the two business entities. On March 22, 1972 respondent, acting as attorney for the company, wrote a letter to the Commissioner of Transportation formally requesting that Crescent Construction Company be reinstated as a qualified contractor. On March 27 he wrote a supplemental letter requesting that a formal hearing on the question of reinstatement be held as soon as possible. Just prior to writing the second letter, he had received word from the Attorney General, of whom he had made inquiry as to the propriety of his conduct, that the Attorney General felt it was improper for him to represent the corporation in its effort to be reinstated. Apparently deferring to this advice, respondent purported to withdraw from the case and in fact secured other counsel to appear at the reinstatement hearing. Respondent did appear at the hearing, however, although he sat in that portion of the room reserved for the public and not at counsel table. Toward the close of the proceedings, Commissioner Kohl, who was presiding and who of course knew respondent, stated on the record:

At this point I might note the presence of Mr. David Biederman, who was the legal counsel to the Department at the time of the

prior hearings. I am wondering, Mr. Biederman, whether you are here as an interested observer or in some other capacity?

MR. BIEDERMAN: I am here as an interested observer, but I would like to make a comment for the record.

He then proceeded to address the Commissioner at some length in the interest of the applicant, concluding his remarks by expressing his hope that the relief sought would be granted for the reasons he had given.

It is obvious that respondent has violated the Disciplinary Rule quoted above. He has accepted private employment in a matter in which he had substantial responsibility while he was a public employee. He should not have written the letters he did, nor should he have in any way taken part in the reinstatement proceedings. He now suggests that the reinstatement hearing was in some way so divorced from the previous disqualification proceedings that his appearance and participation in the former did not offend the Disciplinary Rule. He also contends that his statement at the hearing was in response to an "invitation" to address the Commissioner. These arguments would have been better left unsaid. They are patently specious and do no more than reveal a continuing insensitivity to the quality of the criticized conduct.

█ █ The ethical requirement that an attorney who has been a public employee may not, upon retirement, act on behalf of a private client in any matter upon which he was engaged in the public interest is neither new, ambiguous nor difficult to understand. In *Formal Opinion 134 of the American Bar Association* (1935) it was held that an attorney formerly employed by a state's attorney's office might not, after retiring to private practice, either defend cases that originated while he was connected with that office or defend persons against whom he had aided in procuring indictments. In *N. J. Advisory Committee on Professional Ethics*, Opinion 207, 99 *N. J. L. J.* 451 (1971) the same result was reached upon substantially identical facts, even though the attorney had played no part in the investigation and prosecution which

had taken place while he was an assistant county prosecutor. Similarly a district attorney who has prosecuted a defendant and secured a conviction may not, after retiring from public service, represent the defendant in attempting to secure his release. *Maru, Digest of Bar Association Ethics Opinions,* Opinion 1578, p. 183. See also *Drinker, Legal Ethics* 130–31; *N. J. Advisory Committee on Professional Ethics,* Opinion 111, 90 *N. J. L. J.* 361 (1967). The same principle is reflected in *N. J. S. A.* 52:13D–17 which became effective January 11, 1972.

Respondent's conduct clearly merits censure. He is herewith reprimanded.

*For reprimand* — Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, MOUNTAIN and SULLIVAN and Judges LEWIS and COLLESTER—7.

*Opposed*—None.